# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**COURTNEY PETROFF**

Plaintiff,

v.                                               **CASE NO.:**

**C & L HOSPITALITY GROUP, INC.**
**d/b/a CRAZY HORSE,**

Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, COURTNEY PETROFF (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant C & L HOSPITALITY GROUP, INC. d/b/a CRAZY HORSE (hereinafter referred as "C & L" or "Defendant"), and states the following:

## NATURE OF CASE

1. This is a claim by Plaintiff, COURTNEY PETROFF, against her former employer, C & L, for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., 42 U.S.C. §1981, and The Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq. Plaintiff is seeking damages including back

pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and all other fair and justifiable relief under the law.

## PARTIES

2. Plaintiff was hired by C & L in or around July 2016 as a Hostess.

3. Plaintiff worked for C & L at its Star's World Class Men's Club location in Orlando, Florida from approximately July 2016 through 2018.

4. Plaintiff worked for C & L at its Crazy Horse Gentlemen's Club in Orlando, Florida from approximately 2018 until October 2019.

5. At the time of her termination, Plaintiff worked for Defendant as a Bartender.

6. C & L owns, controls, and operates restaurant/bar and night clubs in the state of Florida including the location where Plaintiff was employed.

7. By the very nature of its work, C & L is a corporation that is engaged in commerce.

8. Defendant is engaged in an industry affecting commerce.

9. Defendant employs more than fifty (50) employees.

10. Defendant employs more than fifty (50) employees within 75 miles of Orlando, Florida.

11. Plaintiff is an "employee" as defined by the FMLA.

12. Defendant is an "employer" as defined by the FMLA.

## JURISDICTION & VENUE

13. Plaintiff brings this action for damages and all available relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., 42 U.S.C. §1981, and The Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq.

14. The acts and omissions giving rise to this action occurred in Orange County, Florida.

15. Defendant conducts business in Orange County, Florida.

16. Plaintiff was employed with Defendant in Orange County, Florida.

17. This is an action at law raises a federal question under federal law.

18. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

19. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

20. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

21. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") attached hereto as **Exhibit "A."**

22. The EEOC issued a Notice of Right to Sue attached hereto as **Exhibit "B."**

23. Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

## FACTUAL ALLEGATIONS

24. Plaintiff began her employment with Defendant in 2016 at its Star's World Class Men's Club location in Orlando, Florida.

25. In or around 2018, Plaintiff transferred to Defendant's Crazy Horse Gentlemen's Club in Orlando, Florida.

26. Plaintiff was in good standing as an employee.

27. Plaintiff received praise for her work.

28. In May 2019, Plaintiff advised Defendant's management that she was pregnant.

29. Subsequently, Plaintiff was told by co-workers that management was going to terminate Plaintiff because she "was showing too much", referring to her pregnancy.

30. Ms. Petroff was also advised management had stated that pregnancy at work was "gross".

31. Upon hearing these comments, Plaintiff confronted her manager, Michelle Gilles.

32. Plaintiff asked to work the door if she was not being allowed to bartend.

33. Ms. Gilles specifically replied she didn't feel comfortable with Plaintiff working at all while pregnant.

34. Ms. Gilles went on to state Plaintiff would get her job back "after [her] pregnancy [was] over" and not to think of it as being let go but rather she was being given "an extended vacation".

35. C & L's Human Resources Representative provided a written statement to the EEOC in which it said, "we do not offer our employees vacation or PTO" and "[Plaintiff's] position did not pose a hazard to her continuing to work and she could have continued employment." *See* C&L Letter to EEOC dated January 29, 2020 attached hereto as **Exhibit "C"**.

36. However, Ms. Gilles had already sent text messages to Plaintiff stating "I don't really feel comfortable with you even there. There's too many hazards…." *See* text messages from Michelle Gilles attached hereto as **Exhibit "D".**

37. Plaintiff was specifically told by management that she could not return to work while pregnant.

38. Plaintiff had no performance related issues while working for Defendant

39. Prior to advising C & L of her pregnancy, Plaintiff received a top sales award in the Spring of 2019.

40. Prior to advising C & L of her pregnancy, Plaintiff was also being trained to become a manager.

41. Upon learning of Plaintiff's pregnancy, C & L stopped her management training.

42. C & L further refused Plaintiff's attempts to return to work.

43. C & L failed to reinstate Ms. Petroff to the position she held prior to advising them of her pregnancy

44. C & L constructively discharged Plaintiff in October of 2019 by refusing to allow her return to work while pregnant.

45. Additionally, Defendant failed to advised Plaintiff of her eligibility for leave and rights under the FMLA

46. C & L t never offered FMLA leave to Plaintiff.

47. In this regard, Plaintiff, who had been employed since 2016, was eligible for FMLA/maternity leave.

48. Plaintiff was due to give birth in January of 2020.

49. Although Plaintiff was entitled to FMLA leave, Defendant failed to advise of her rights under the FMLA.

50. Defendant' actions interfered with Plaintiff's rights under the FMLA

51. Defendant constructively discharged Plaintiff based upon her need and use of FMLA benefits, as well as being pregnant.

52. In 2018, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

53. In 2019, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

54. As of the date, Plaintiff had been employed by defendant at least twelve (12) months prior to January 2020, when Plaintiff would have needed to utilize FMLA leave.

55. Plaintiff worked 1,250 hours for Defendant during the year immediately preceding January 2020, when Plaintiff would have needed to utilize FMLA leave.

## COUNT I
## PREGANCY/GENDER DISCRIMINATION IN VIOLATION TITLE VII

56. Plaintiff realleges and adopts allegations contained in paragraphs 1-55, as though fully stated herein.

57. Plaintiff is a member of a protected class because she is female.

58. Plaintiff is a member of a protected class because she was pregnant during the period of time at-issue.

7

59. At all material times, Plaintiff was qualified to perform her job duties.

60. At all material times, Defendant knew that Plaintiff was pregnant.

61. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her pregnancy.

62. Defendant did not subject the non-pregnant employees to discriminatory treatment.

63. Plaintiff suffered an adverse employment action when she was constructively discharged.

64. The discrimination to which Plaintiff was subjected was based on her gender and pregnancy.

65. Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

66. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

67. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an

award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

68. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

69. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h. any additional relief that this Court deems just.

## COUNT II
## <u>RETALIATION IN VIOLATION OF TITLE VII</u>

70. Plaintiff realleges and adopts allegations contained in paragraphs 1-55, as though fully stated herein.

71. Plaintiff engaged in statutorily protected activity when she complained to Michelle Gilles regarding the discriminatory comments against her from management because of her pregnancy.

72. Plaintiff suffered an adverse employment action when she was constructively discharged.

73. A causal connection exists between the protected activity and the adverse action.

74. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of her complaints of race discrimination.

75. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

76. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and

suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

77. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

78. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

79. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a. declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h. any additional relief that this Court deems just.

## COUNT III
## INTERFERENCE UNDER THE FMLA

80. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 55 above as though fully stated herein.

81. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

82. Defendant was Plaintiff's employer as defined by the FMLA.

83. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

84. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

85.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

86.     Defendant's violations of the FMLA were willful.

87.     Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff respectfully requests entry of:

a.      judgment in her favor and against Defendant for their interference with her rights under the FMLA;

b.      judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant' conduct;

c.      judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d.      judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.      declaratory judgment that Defendant' practices toward Plaintiff violate her rights under the FMLA; and

f.      order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV
## RETALIATION UNDER THE FMLA

88. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 55 above as if fully set forth herein.

89. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

90. Defendant were Plaintiff's employer as defined by the FMLA.

91. Defendant discriminated and/or retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

92. Defendant discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

93. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

94. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

95. Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

96. Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

97. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to

compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

98. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

99. Defendant' violations of the FMLA were willful.

100. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff respectfully requests entry of:

a. judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant practices toward Plaintiff violate her rights under the FMLA; and

f.	an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 8th day of February, 2021.

*/s/ Carlos V. Leach*
Carlos V. Leach, Esq.
Florida Bar No.: 0540021
The Leach Firm, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com
Email: npacheco@theleachfirm.com

*Attorneys for Plaintiff*